UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS (ALFREDO) CARDENAS-GONZALES,<br><br>Petitioner,<br><br>v.<br><br>HIGHLAND HOSPITAL,<br><br>Respondent. | Case No. 26-cv-00867-EKL<br><br>**ORDER DISMISSING MATTER WITHOUT PREJUDICE**<br><br>Re: ECF Nos. 1, 4 |

Petitioner Carlos (Alfredo) Cardenas-Gonzales, a *pro se* state detainee, filed the instant petition for writ of habeas corpus challenging medical care he received at Highland Hospital in Alameda County, as well as an application to proceed *in forma pauperis*. ECF Nos. 1, 4.

Petitioner fails to state a cognizable federal habeas corpus claim. Prisoners may generally pursue federal relief related to their imprisonment through two major avenues: (1) a petition for writ of habeas corpus, or (2) a civil rights complaint under 42 U.S.C. § 1983. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). Habeas corpus is the appropriate remedy for challenges to the validity of the fact or length of confinement or matters affecting the duration of confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 500 (1973). Requests for relief turning on circumstances of confinement may not be presented in a federal habeas corpus petition, but they may be presented in a § 1983 action. *Muhammad*, 540 U.S. at 750; *see Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action is proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence.").

While the Court may, where appropriate, convert a habeas corpus petition into a federal civil rights complaint under 42 U.S.C. § 1983, the Court declines to do so here as Petitioner argues

only that unnamed individuals at Highland Hospital committed "medical malpractice" and "professional negligence" – both state law claims – rather than alleging any federal or constitutional claims.  ECF No. 1 at 2; *see also West v. Atkins*, 487 U.S. 42, 48 (1988) (noting that a plaintiff seeking relief under § 1983 "must allege the violation of a right secured by the Constitution [or federal law].")； *Nettles v. Grounds*, 830 F.3d 922, 935-36 (9th Cir. 2016) (noting that "a habeas corpus action and a prisoner civil rights suit differ in a variety of respects – such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings – that may make recharacterization impossible or, if possible, disadvantageous to the prisoner compared to a dismissal without prejudice of his petition for habeas corpus.").

This matter is therefore DISMISSED WITHOUT PREJUDICE to Petitioner raising his claims of medical malpractice and professional negligence through the proper vehicle in the appropriate forum, *i.e.*, in state court.  The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  June 23, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

2